ERIC GRANT
United States Attorney
DAVID W. SPENCER
HADDY ABOUZEID
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RANVIR SINGH, <br><br> Defendant. | CASE NO. 2:21-cr-00078-JAM-2 <br><br> **STIPULATION AND ORDER TO PERMIT UNDERCOVER OFFICERS TO TESTIFY USING A PSEUDONYM** |

### I.   STIPULATION

1. Plaintiff United States of America, by and through its counsel of record, and defendant Ranvir Singh, by and through his counsel of record ("defendant" or "defense counsel"), hereby stipulate and agree, and jointly request that the Court enter an order, as follows:

2. Multiple undercover officers participated in the investigation in this case and will testify at trial. For two of these undercover officers, disclosure of their identity could compromise sensitive, ongoing investigations and/or put their lives and personal safety in serious danger from the targets of those investigations.

3. Accordingly, the parties agree that these two undercover officers may testify under a pseudonym and not reveal their true identity during their testimony. Specifically:

    a) The undercover officer identified as "UC-1" in the Criminal Complaint Affidavit (ECF 1) and throughout the discovery in this case will testify under the pseudonym "Gurjot

STIPULATION AND ORDER                                1

Singh," which is the undercover name he used during the investigation in this case.

  b) The undercover officer from the Royal Canadian Mounted Police who is identified in the discovery as "UC Kevin" will testify under the pseudonym "Kevin Kao," which is the undercover name he used during the investigation in this case.

4. Both of these undercover officers are sworn law enforcement officers in Canada. In accordance with a discovery order in this case (ECF 177), the government made a good-faith request to Canadian authorities for any impeachment information in the personnel files of these two officers. Under Canadian law, such information in a law enforcement officer's personnel file is referred to as a "McNeil disclosure." For each undercover officer, the appropriate Canadian authorities responded that no such "McNeil" information exists in either officer's personnel file. Moreover, the United States is unaware of any potential impeachment information for either officer.

5. The government will provide the names of the undercover officers to defense counsel subject to the terms of the parties' stipulated protective order (ECF 43), with one modification. Paragraph 16 of the protective order will not apply to the names or any other personal identifying information of the undercover officers. Defense counsel will not be permitted to share the names of the undercover officers with the defendant or any other person who is not a member of defense counsel's staff, as defined in paragraph 9 of the protective order. Further, defense counsel agrees to destroy any protected materials that reference the names or any personal identifying information of the undercover officers upon entry of final judgment in this case.

6. The parties agree that any questioning of either undercover officer as to personally identifying information or the specifics of any unrelated undercover investigations would be irrelevant and thus will not be permitted at trial.

7. The parties further agree that UC-1 (Gurjot Singh) may enter and exit the courtroom through non-public entrances before and after his testimony. The parties jointly request that the Court take a brief break before the government calls UC-1 to testify and at the conclusion of his testimony so that he can enter and leave the courtroom outside the presence of the jury.

8. Courts have broad authority, consistent with a defendant's Sixth Amendment right to confront the witnesses against him, to permit undercover officers to testify anonymously or under an

alias, and to prohibit cross-examination into personally identifying information and other, unrelated undercover investigations. *See, e.g., United States v. Sterritt*, No. 21-CR-193 (KAM), 2023 WL 7386660, at *11–12 (E.D.N.Y. Nov. 8, 2023).

Dated: September 26, 2025

                    Respectfully Submitted,

                    ERIC GRANT
                    United States Attorney

            By:  /s/ DAVID W. SPENCER
                  DAVID W. SPENCER
                  HADDY ABOUZEID
                  Assistant United States Attorneys

Dated: September 26, 2025

                    /s/ DINA L. SANTOS
                    DINA L. SANTOS
                    JOHN BALAZS
                    Counsel for Defendant
                    Ranvir Singh

## ORDER

The Court having read and considered the parties' Stipulation, which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO ORDERED.

Dated: September 29, 2025

                    JOHN A. MENDEZ,
                    SENIOR UNITED STATES DISTRICT JUDGE